UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY KOZUR, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 18-08750 |
| v. | : | MEMORANDUM OPINION |
| F/V ATLANTIC BOUNTY, LLC., et al, | : | |
| Defendants. | : | |

This case comes before the Court on Defendants' Motions to Dismiss or Stay Plaintiff's Action and Compel Arbitration. [Dkt. Nos. 8,9]. The Court has considered the written submissions of the parties, as well as the arguments advanced at the hearing on September 30, 2019. For the Reasons that follow the Court grants Defendant, Atlantic Cape Fisheries', Motion to Dismiss Plaintiff's complaint against it.

The Court finds that questions of fact and credibility pertaining to the enforceability of the Arbitration Clause at issue preclude a determination on Defendants', F/V Atlantic Bounty, LLC and Sea Harvest, Inc., Motion to Compel Arbitration. The pertinent issue to be decided is whether Plaintiff knowingly and willingly signed an Agreement containing the relevant Arbitration Clause. The Court will hold an evidentiary hearing on the matter and dismiss the Motion without prejudice.

I. Background

Plaintiff filed a Complaint with this Court on May 3, 2018 against Atlantic Cape Fisheries, Inc. and F/V Atlantic Bounty, LLC. On June 21, 2018 Plaintiff amended his complaint, adding Sea Harvest, Inc. as a Defendant in this matter. Plaintiff's Amended Complaint asserts claims for Jones Act Negligence (Count I), Unseaworthiness (Count

1

II), and Maintenance and Cure (Count II). [Dkt. No. 5]. The basis of Plaintiff's seaman claims stem from events occurring on August 28, 2017. Specifically, Plaintiff claims that while in navigable waters, he slipped and fell on the "centerline stopper midship, twisting his back and causing serious injuries" in the course of his employment on Atlantic Bounty (the "Vessel"). Compl. at ¶¶ 28-31

According to Plaintiff's Amended Complaint, he was an employee of Sea Harvest, Atlantic Cape, and F/V Atlantic Bounty "as a member of the crew of the vessel." Id. at ¶¶25-27. He claims all three Defendants (F/V Atlantic Bounty, Atlantic Cape Fisheries, and Sea Harvest) also owned, possessed, managed, controlled, and operated the Vessel. Id. ¶¶ 6-22. Plaintiff further alleges that the three Defendants were also the Vessel's bareboat charterer.

In response to Plaintiff's Complaint, Defendants F/V Atlantic Bounty and Sea Harvest filed a Motion to Dismiss or Stay Plaintiff's Action and Compel Arbitration pursuant to an arbitration clause contained in Plaintiff's employment contract, which Defendants argue is valid and enforceable against him. [Dkt. No. 8]. Defendant Atlantic Cape moved to Dismiss or Stay Plaintiff's Action and Compel Arbitration separately. [Dkt. No. 9]. Atlantic Cape argues that Plaintiff's action should be dismissed against it because it is not a proper defendant in this case; in the alternative, it seeks dismissal or stay of the action pending arbitration pursuant to the same arbitration policy. Each of the motions have been fully briefed, and the Court heard Oral Argument on September 30, 2019.

II. Discussion

## A. Defendant Atlantic Cape Fisheries' Motion to Dismiss

*1. Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the

4

mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

2. Analysis

Atlantic Cape Fisheries ("Atlantic Cape") argues that it should be dismissed from this action because it is not the owner or operator of the Vessel, nor Plaintiff's employer; and therefore, it is not subject to liability under any of Plaintiff's claims. The Court Agrees.

Plaintiff's first claim seeks to recover for his injury under the Jones Act. "The Jones Act provides seamen a suit for damages against employers for injuries incurred while at sea, and the plaintiff must establish an employment relationship to recover under the Act." Matute v. Lloyd Bermuda Lines, Ltd., 931 F.2d 231, 235–36 (3d Cir. 1991) (citing Volyrakis v. M/V Isabelle, 668 F.2d 863, 865 (5th Cir.1982)) (emphasis added). There is no dispute that Defendant Sea Harvest was Plaintiff's employer at the time of his injury; however, Plaintiff alleges that Atlantic Cape was also his employer. At the time of his injury, Plaintiff had an Employment Agreement with Sea Harvest, which was referenced in his Complaint. That Agreement does not support Plaintiff's allegation that Atlantic Cape was also his employer. It states, "this agreement is made between the undersigned and the Vessel Owners[s] and Operator/Employer." [Dkt. No. 16-5]. The Agreement designated Sea Harvest, Inc. as Operator/Employer of the Vessel, F/V Atlantic Bounty. Id. Thus, according to the Employment Agreement, Plainitfff's employer was Sea Harvest. Moreover, Atlantic Cape was not a party to the Agreement.[3] Notwithstanding, Plaintiff argues in its briefing that Atlantic Cape "is functionally the

---

[3] Plaintiff acknowledges this point in also acknowledging that Atlantic Cape was not a party to the arbitration agreement at issue. Pl. Op. Brf. at 4.

same entity as Sea Harvest." [Dkt. No. 14]. Nothing in the pleadings indicates that fact, nor would that alone lead to the conclusion that Atlantic Cape was Plaintiff's employer. Therefore, Plaintiff has no claim under the Jones act (Plaintiff's Count I) against this Defendant.

Plaintiff's remaining two claims are for Maintenance and Cure and Unseaworthiness. Under settled maritime law, the vessel, her owner, and/or operator are liable to a seaman who claims injuries "in consequence of the unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances appurtenant to the ship." Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 545 (1960). Liability for unseaworthiness, "arises directly from ownership of the vessel." Baker v. Raymond Int'l, Inc., 656 F.2d 173, 185 (5th Cir. 1981). In addition, a seaman "can recover maintenance and cure from a vessel owner or employer when the seaman is injured or becomes ill in the service of a ship." Collick v. Weeks Marine, Inc., No. CV 08-5120 (MLC), 2016 WL 3965199, at *5 (D.N.J. July 22, 2016) (citing O'Connell v. Interocean Mgmt. Corp., 90 F.3d 82, 84 (3d Cir. 1996)).

Though Plaintiff's Amended Complaint concludes that Atlantic Cape is the owner and operator of the Vessel that Plaintiff was employed on, Atlantic Cape provides documentation to the contrary.[4] Here, the Vessel's Certificate of Documentation specifically names F/V Atlantic Bounty as the only owner and "managing owner" of the Vessel. See [Dkt. No. 9-4]. At this stage, the Court is permitted to consider the Certificate of Documentation filed with the U.S. Coast Guard as a matter of public

---

[4] Plaintiff's argument that because Atlantic Cape may own and manage other large fishing vessels as an affiliate of Sea Harvest, and that Plaintiff thinks it "may or may not be true" that Atlantic cape does not in fact own and manage F/V Atlantic Bounty do not prove otherwise.

record offered by Defendant. Accordingly, Atlantic Cape is not the owner of the Vessel at issue. Plaintiff provides a deposition of Atlantic Capes Vice President, taken in an unrelated matter. The deposition confirms that Atlantic Cape does in fact own vessels; however, there was nothing in the deposition revealing that it owns the Vessel at issue in this case, nor that it was the operator of such Vessel. See Ex. 2, attached to Pl. Op. Brf.

In fact, Sea Harvest refers to itself as the operator of the Vessel. [Dkt. No. 8, Def. Brf. at 1]. Furthermore, as previously mentioned, Plaintiff's Employment Agreement (or the "Manifest") specifically names Sea Harvest as Vessel Operator, with no mention of Atlantic Cape. As such, Plaintiff cannot sustain a claim against the Defendant Atlantic Cape Fisheries for Unseaworthiness (Count II) or Maintenance and Cure (Count III). Because Atlantic Cape was not Plaintiff's employer or the owner/operator of the Vessel, Atlantic Cape cannot be liable to Plaintiff on any of its three seaman claims. Thus, the Court dismisses Atlantic Cape Fisheries as a Defendant in this matter and grants Defendant's Motion to Dismiss. [Dkt. No. 9].

**A. Motion to Dismiss or Stay the Action and Compel Arbitration by Defendants F/V Atlantic Bounty and Sea Harvest**

As to the first consideration, a district court "must initially decide whether the determination is made under [Federal Rule of Civil Procedure] 12(b)(6) or 56." Sanford v. Bracewell & Guiliani, LLP, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard is appropriate where "it is apparent, based on the 'face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause.'" Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013) (citations omitted).

The Rule 56 standard is appropriate where: (1) "'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate," or (2) "the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." Id. at 774. Summary judgment under Rule 56 is appropriate if the record demonstrates that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); see also Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

In this case, the existence of an agreement to arbitrate is not apparent from the face of Plaintiff's Complaint, which does not mention an Arbitration Policy or attach the Arbitration Policy as an exhibit. Instead, Defendants' Motion to Compel Arbitration relies exclusively on matters outside the pleadings. Accordingly, the Rule 56 standard governs. The Defendants move to enforce the agreement and compel arbitration. Plaintiff argues that (1) that the Agreement in unenforceable because there was no meeting of the minds or, alternatively (2) the Agreement is unenforceable as a matter of federal law. For the reasons stated below, an evidentiary hearing is required on the issue of whether there was a meeting of the minds and therefore, the Court will not determine whether the Agreement is enforceable against Plaintiff as a matter of law.

First, Plaintiff explicitly contests the Arbitration Policy's existence and further denies the authenticity of the "Manifest" provided by Defendant, between Plaintiff and Sea Harvest. He claims that the Arbitration clause contained therein was never presented to

him and that he did not agree to its terms. Plaintiff has provided a certification wherein he also claims that he has never even seen the third page of the Manifest, which contains the relevant clause. Indeed, Plaintiff suggests this entire page contain the clause may have never been included in the Manifest before. To support such an allegation, Plaintiff points to the mis-numbered paragraph of the Arbitration clause. The Arbitration clause is contained in paragraph number 11, which is incorrect because the preceding paragraph is number 12. [Dkt. No. 16-5]. Plaintiff also suggests that the page containing the clause looks different compared to the other pages of the document, thus appears as though it does not belong. See Id. Defendants assert that the Arbitration Clause is authentic and was contained in Plaintiff's Manifest. Defendants note that despite a mistake in paragraph numbers, the pages of the Manifest are appropriately numbered (Page 3 being the arbitration clause followed by the signature pages, numbered 4 and 5). To be sure, Plaintiff signed the final page of the Manifest. Finally, Defendants contend the Arbitration clause, or some previous version of it, was contained in the 6 other Manifests Plaintiff signed with Sea Harvest prior to his injury.

At this stage, the record does not conclusively show whether Plaintiff, in fact, agreed to the Arbitration Clause that Defendants seek to enforce; and furthermore, it lacks sufficient information to determine the enforceability of the arbitration agreement. The Court finds that the information that has been presented, create disputes of fact regarding the Arbitration Clause and issues of credibility. Therefore, the Court will hold an evidentiary hearing to determine whether the Plaintiff agreed to arbitrate his current claims. See Schreiber v. K-Sea Transp. Corp., 9 N.Y. 3d 331, 340–41, 879 N.E.2d 733, 739 (2007) (ordering an evidentiary hearing to determine whether seaman was

intentionally misled into arbitrating his injuries). Prior to the hearing, the Court will allow time for the parties to participate in limited discovery.

B. Conclusion

This Court finds Atlantic Cape Fisheries is not a proper Defendant in this action and further finds that issues of fact as to whether the parties entered into a valid arbitration agreement require an evidentiary hearing.

An appropriate Order shall issue.

Dated: October 16, 2019

         /S/ Joseph H. Rodriguez    
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE